IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA, *ex* : 
*rel.*, Andre-Lauren: Clark,                :
                                            :
     Plaintiff,                            :
                                            :  CIVIL ACTION NO.
     v.                                   :  1:25-CV-0163-SDG
                                            :
GWINNETT COUNTY, SNELLVILLE :
POLICE DEPARTMENT, *et al.*,                :
                                            :
     Defendants.                          :

# **O R D E R**

Plaintiff Andre-Lauren: Clark, proceeding *pro se*, seeks leave to file this civil action *in forma pauperis* without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Although Plaintiff has filed an Application to Proceed in District Court without Prepaying Fees or Costs [1] ("Application"), Plaintiff confusingly attaches a document that purports to request permission to proceed without filing an *in forma pauperis* petition or paying a fee. *See* Pet. to Waive Fees [1-2]. Plaintiff's latter request—to proceed without paying a fee or filing an *in forma pauperis* petition—is **DENIED**. However, Plaintiff's Application [1] indicates that Plaintiff is unable to pay the filing fee or incur the costs of this action. The requirements of 28 U.S.C. § 1915(a)(1) are thus satisfied, and Plaintiff's Application [1] is **GRANTED**.

Under Rule 4(c)(2) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. The Clerk is **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for service until the District Judge orders otherwise. Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Accordingly, the Clerk is **DIRECTED** to submit this matter to the District Court for a frivolity determination under 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED** this 21st day of January, 2025.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE