IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **ANDRE LAUREN CLARK**, <br><br> Plaintiff-Relator, <br><br> v. <br><br> **GWINNETT COUNTY**, *et al.*, <br><br> Defendants. | Civil Action No. <br> 1:25-CV-00163-SDG <br><br> Filed under seal and *ex parte* as to defendants, per 31 U.S.C. § 3730(b) |

## The United States of America's Suggestion of Dismissal

The United States respectfully suggests that the Court should dismiss this matter because the plaintiff-relator is proceeding *pro se*, which is not permitted under the False Claims Act. We recommend that the Court issue an order to show cause asking the plaintiff-relator why this case should not be dismissed.[1]

## Legal Background

The False Claims Act imposes treble damages on persons who, among other things, knowingly present false claims to the United States or knowingly avoid

---

[1] Per 28 U.S.C. § 517, the United States may "attend to" its interests in a suit pending in any court of the United States even when, as here, the United States has not yet formally intervened as a party.

an obligation to pay money to the United States. *See id.* § 3729(a). Under the Act,

private parties (known as "relators") may file actions on behalf of the United

States. *Id.* § 3730(b). These actions are filed under seal so that the government can

investigate before the defendants and other witness become aware of the

allegations or the relator's identity. *Id.* § 3730(b)(2). The government can choose

to intervene in the action and take over the responsibility of conducting the

lawsuit, or the government can decline to intervene, in which case the person

who brought the action is responsible for litigating it on behalf of the

government. *Id.* § 3730(b)(4). If the action is successfully resolved, relators are

entitled to a share of the proceeds of any judgment or settlement, with the exact

share depending on who litigated the case. *Id.* § 3730(d).

The Eleventh Circuit has held that a relator may not bring a lawsuit in the

name of the United States if he or she is not represented by an attorney. *Timson v.*

*Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). The court explained that 28 U.S.C.

§ 1654, the general statute permitting parties to proceed *pro se*, does not allow a

*pro se* party to bring an action for anyone other than himself or herself. *See id.*

Absent an explicit statutory authorization for *qui tam* suits to be brought *pro se*,

the court held that § 1654 governed. *See id.* at 873–74. All other circuit Courts of

Appeal to have addressed the issue concur that a *qui tam* suit cannot be pursued

*pro se. See United States ex rel. Feliciano v. Ardoin*, No. 24-7134, 2025 WL 376925,

at *1 (D.C. Cir. Feb. 4, 2025) ("For these reasons, we join every other court of appeals to have addressed the question in holding that relator claims under the False Claims Act cannot proceed pro se.").

## Conclusion

For the reasons stated above, the United States respectfully suggests that the Court should dismiss this case because the plaintiff-relator lacks authority to bring it. The dismissal should be without prejudice as to any claims that belong to the United States.

To be clear, the United States has not currently intervened as a party to this matter and therefore is not formally moving to dismiss. If the court desires, the United States could intervene as a party and then move to dismiss under 31 U.S.C. § 3730(c)(2)(A). *See United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 430 (2023) (requiring the government to intervene before acquiring the right to dismiss). But that process is better suited for cases where the government disagrees with the merits or worth of a case. Here, the government is merely pointing out a procedural flaw in the case, which could be addressed by the Court on its own motion.

Respectfully submitted,

RICHARD S. MOULTRIE, JR.
*Acting United States Attorney*

*s/ Anthony DeCinque*
ANTHONY C. DECINQUE
*Assistant United States Attorney*

Georgia Bar No. 130906
Anthony.DeCinque@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Ph: (404) 581-6000    Fx: (404) 581-6181

*Counsel for the United States of America*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rule 7.1(D), that the above motion to dismiss and memorandum of law was prepared in 13-point, Book Antiqua font.

s/ Anthony DeCinque

ANTHONY C. DECINQUE
*Assistant United States Attorney*

**Certificate of Service**

I hereby certify that the above **Suggestion of Dismissal** was served by

mailing a copy by first class mail, with adequate postage affixed, addressed to:

Andre Lauren Clark
850 Dogwood Road
Suite B200, #2415
Lawrenceville, GA 30044

*Relator, pro se*


This document was not served on the defendants because this case remains

under seal and the defendants have not yet been served.


This 7th day of February, 2025.

_s/ Anthony DeCinque_
ANTHONY C. DECINQUE
*Assistant United States Attorney*
