**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA *ex rel.*
ANDRE-LAUREN CLARK,
    Plaintiff-Relator,

             v.

GWINNETT COUNTY, *et al.*,
    Defendant.

Civil Action No.
1:25-cv-00163-SDG

## ORDER

This case is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of

*pro se* Plaintiff-Relator Andre-Lauren Clark's complaint [ECF 5]. This is a *qui tam*

False Claims Act (FCA) case brought by Clark on behalf of the United States.

Section 1915 requires the Court to dismiss any action that is frivolous or that fails

to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when

it appears from the face of the complaint that the factual allegations are "clearly

baseless" or that the legal theories are "indisputably meritless." *Carrol v. Gross*, 984

F.2d 392, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319,

327 (1989)). "A claim is frivolous if it is without arguable merit either in law or

fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable

of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991)

(per curiam). A claim that is arguable, "but ultimately will be unsuccessful, . . .

1

should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

The United States—which has not yet intervened pursuant to the FCA but may still "attend to [its] interests" in this case under 28 U.S.C. § 517—suggests that the Court dismiss this action because Clark is proceeding *pro se*, which is not permitted under the FCA.[1] Indeed, the Eleventh Circuit has squarely held that a plaintiff may not proceed *pro se* in a *qui tam* action under the FCA. *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008) (per curiam); *see also United States ex rel. Feliciano v. Ardoin*, --- F.4th ----, 2025 WL 376925, at *1 (D.C. Cir. Feb. 4, 2025) (per curiam) (collecting cases) ("[W]e join every other court of appeals to have addressed the question in holding that relator claims under the False Claims Act cannot proceed pro se.").

Because Clark may not pursue this *qui tam* FCA claim while proceeding *pro se*, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **UNSEAL** and then **CLOSE** this case.

**SO ORDERED** this 12th day of February, 2025.

_____
Steven D. Grimberg
United States District Judge

---

[1] ECF 7.